UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROBERT MENDELOW

      Plaintiff,

      vs.                                   CASE NO.:

GC SERVICES LIMITED PARTNERSHIP
JOHN DOES 1-10 and JANE DOES 1-10

      Defendant(s)
_____

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Robert Mendelow (hereinafter 'Plaintiff'), by and through the undersigned attorney, Katie M. Stone, and for Plaintiff's Complaint against Defendant(s) GC Services Limited Partnership, Defendant(s), John Does 1-10; and Defendant(s), Jane Does 1-10 (hereinafter "Defendant(s)"), and alleged and affirmatively states as follows:

### I.    INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant(s), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff personal privacy by these Defendant(s) and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### II.    JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the conduct complained of occurred here.

### III.    PARTIES

3. Plaintiff is a consumer, a natural person with a permanent residence in Broward County, Hollywood in the state of Florida.

VERIFIED COMPLAINT

4. Defendant, GC Services Limited Partnership is a foreign limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County at 6330 Gulfton St., Suite 300, Houston, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant(s) John Does 1-10 (hereinafter "Defendant(s)") are natural person(s) who were employed by Defendant(s) as collection agents, whose identities are currently unknown to Plaintiff. Defendant(s) are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Defendant(s) Jane Does 1-10 (hereinafter "Defendant(s)") are natural person(s) who was employed by Defendant(s) as collection agents, whose identities are currently unknown to Plaintiff. Defendant(s) are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant(s) is engaged in the collection of debts from consumers using the mail and telephone. Defendant(s) regularly attempt to collect consumer debts alleged to be due to another. Defendant(s) are ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV.   FACTUAL ALLEGATIONS

8. Upon information and belief, within one year prior to the filing of this complaint, Defendant called Plaintiff, displaying the intent to harass and annoy him, seeking and demanding payment for an alleged consumer debt owed under an account number.

9. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff in April of 2012.

11. Upon information and belief, within one year preceding the date of this complaint, Defendant, threatened to garnish plaintiff's wages itself, sue him itself, and to get him in trouble with the justice department, when it cannot do any of those things, and when Plaintiff has done nothing criminal.

VERIFIED COMPLAINT

12. Upon information and belief, Defendant told the Plaintiff that they were going to call the corporate office of his place of employment and let them know what is going on in connection with the debt.

13. Defendant utilized unfair and unconscionable means to collect on Plaintiffs alleged debt, by lying to and/or misleading Plaintiff as mentioned above.

14. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed, amongst other negative emotions.

15. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## V.  CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated §1692e(10) of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (c) Defendant violated §1692e(2)(B) of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (d) Defendant violated §1692e(5) of the FDCPA by threatening to take action that it did not intend to take; and

    (e) Defendant violated §1692e(7) of the FDCPA by giving the false representation or implication that the Plaintiff committed a crime or other conduct in order to disgrace the Plaintiff.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Robert Mendelow, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

VERIFIED COMPLAINT

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against each Defendant(s) for the following:

A. Actual damages from each Defendant(s) pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations for Plaintiff, and from each Defendant(s) for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant(s) pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant(s), for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

By: *(signature)*
Katie M. Stone
Fla Bar No.: 74194
Consumer Rights Law Firm
2 Dundee Park, Suite 201
Andover, Massachusetts, 01810
Phone: (978) 420-4747
Fax: (888)-712-4458
attorneykaties@consumerlawfirmcenter.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE, that Plaintiff, ROBERT MENDELOW, hereby demands trial by jury in this action.

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ROBERT MENDELOW, says as follows:

1. I am the Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1764(2), I, ROBERT MENDELOW, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/14/12

_____
ROBERT MENDELOW
Plaintiff

VERIFIED COMPLAINT